**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SALLY MARIE MCNEIL,
            *Petitioner-Appellant,*

v.

RAYMOND L. MIDDLETON; BILL
LOCKYER,

            *Respondents-Appellees.*

No. 01-56565

D.C. No.
CV-99-01490-JM

OPINION

On Remand from the United States Supreme Court

Filed March 29, 2005

Before: Robert R. Beezer, Ferdinand F. Fernandez, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Fernandez;
Dissent by Judge Paez

3783

## COUNSEL

Charles R. Khoury, Jr., Wilton, New Hampshire, for the petitioner-appellant.

Warren P. Robinson, Deputy Attorney General, San Diego, California, for the respondent-appellee.

## OPINION

FERNANDEZ, Circuit Judge:

We fully outlined the background of this case in our first opinion,[1] and will not repeat all of its shocking details here. Suffice it to say that McNeil took a shotgun and fired it into the midsection of her husband while he was cooking. Not feeling that she had done enough damage, she then reloaded the weapon and shot him in the face. The first shot caused so much damage that his liver was protruding out of his skin; the second blew away much of the lower portion of his face. He died.

McNeil, who was, herself, an aggressive and violent person, asserted that she suffered from the effects of Battered Women's Syndrome ("BWS") and that, therefore, she had shotgunned her victim in an act of perfect self-defense. At the very least, she said, her actions were an instance of imperfect self-defense, which would make her guilty of voluntary man-

---

[1]*McNeil v. Middleton*, 344 F.3d 988, 991-94 (9th Cir. 2003) (*McNeil I*), *rev'd* 541 U.S. 433, 124 S. Ct. 1830, 158 L. Ed. 2d 701 (2004) (per curiam).

slaughter at worst. Each of those defenses requires that a woman have an actual belief in the need to defend herself. They differ in that perfect self-defense requires that the belief be reasonable, whereas for imperfect self-defense the belief must be unreasonable.

The trial judge correctly instructed the jury that BWS could be considered on the issue of McNeil's actual belief, but incorrectly instructed that it could not be considered in testing reasonableness for perfect self-defense purposes. The jury could consider BWS for the purpose of deciding if there was an unreasonable belief for imperfect self-defense purposes. The jury specifically found that McNeil was guilty of second degree murder and that she was not guilty of voluntary man-slaughter.[2]

When this case was previously before us, we determined that the writ should issue. We said that if the jury followed the instructions literally, it could have rejected imperfect self-defense because McNeil did not behave as a reasonable per-son in reacting as she did. *See McNeil I*, 344 F.3d at 997. In other words, she could not show that her crime was voluntary manslaughter, rather than murder. *Id.* Thus, even though BWS evidence could be considered, it did her little good because if, due to BWS, her perceptions were other than that of a reason-able person, she could not demonstrate that her actions resulted in voluntary manslaughter at most.[3]

The Supreme Court reversed because it did not agree with us. *See Middleton v. McNeil*, 541 U.S. 433, 124 S. Ct. 1830,

---

[2]We will not inquire into whether the jury erred in deciding both issues. That would be improper. *See Stow v. Murashige*, 389 F.3d 880, 883 (9th Cir. 2004).

[3]Due to a BWS instructional error, McNeil was already deprived of the use of that concept for the perfect self-defense purpose of deciding whether her belief was reasonable. We held that the error regarding volun-tary manslaughter took away imperfect self-defense as well, and left her exposed to the full force of the other evidence.

158 L. Ed. 2d 701 (2004) (per curiam) (*McNeil II*). In its view, we had expected too much legal sophistication (even scholasticism) on the part of jurors. *Id.* at ___, 124 S. Ct. at 1833. As the Court put it:

> Perhaps the Ninth Circuit reasoned that the erroneous definition of "imminent peril" caused the jury to believe that the earlier, correct instructions ("actual but unreasonable belief in the necessity to defend against imminent peril") meant that, although the belief in the necessity to defend may be unreasonable, the belief in the *existence* of the "imminent peril" may not. This interpretation would require such a rare combination of extremely refined lawyerly parsing of an instruction, and extremely gullible acceptance of a result that makes no conceivable sense, that the state court's implicit rejection of the possibility was surely not an *unreasonable* application of federal law.

*Id.* (emphasis in original). Were we now to order issuance of the writ, we would fall into that same pit by assuming that the jurors took too much notice of legal niceties as they fossicked for meaning in the bosk created by the trial court's instructions. Let us explain.

**[1]** Despite the legal technicalities of the instructions, the Supreme Court has told us in no uncertain terms that we must assume that the jury would not fall prey to those technicalities. It is apparent that the only nontechnical way that the jury could find McNeil guilty of second degree murder but not guilty of voluntary manslaughter would be if she failed to have an actual belief in the need for self-defense. Otherwise, the jury would have had to say something like this to itself: "Considering the BWS evidence, we think that McNeil is not guilty of voluntary manslaughter because she had an actual, *but reasonable*, belief in the need for self-defense, and, therefore, her self-defense was not of the imperfect variety. How-

ever, when we come to second degree murder, where we cannot use BWS evidence for the purpose of deciding the question of reasonable belief, we find that she cannot establish perfect self-defense because she had an actual, *but unreasonable*, belief in the need for self-defense."

There may not be an intellectual or logical disconnect in that form of reasoning, but the Supreme Court has told us that, while the legal mind might be that daedalian (or would it say "banausic"), no jury would be. That is, no jury would consent to allow itself to be intellectually manipulated into convicting a person of second degree murder and acquitting her of voluntary manslaughter because it found her belief in the need for self-defense reasonable in the latter case but unreasonable in the former. Even if it would be rational for a juror to think that way and wind up convicting McNeil of a greater offense, it would bespeak, as the Court has put it, too much lawyerly refinement and too much gullibility. *Id.*

**[2]** What we are left with is the only common ground between the two defenses — lack of an "actual belief" in the need for self-defense.[4] If the jury found *that*, she would not be entitled to either perfect or imperfect self-defense and, thus, would not be guilty of voluntary manslaughter, but must be guilty of second degree murder. Or, at the very least, the state courts' decisions that the jury must have so determined was "surely not an *unreasonable* application of federal law." *Id.*; *see also* 28 U.S.C. § 2254(d)(1). In other words, the state courts could properly hold that McNeil's lack of an actual belief in the need for self-defense made the instructional errors regarding reasonableness non-prejudicial. Were we to hold otherwise, our former "error" would become recrudescent.

---

[4]It is noteworthy that the jury could consider BWS when it ruminated upon the actual-belief issue.

## CONCLUSION

**[3]** Because we cannot say that the state courts unreasonably applied federal law when they upheld McNeil's conviction, the writ of habeas corpus cannot issue.

AFFIRMED.

---

PAEZ, J., dissenting:

I respectfully dissent.

In my view, McNeil's due process right to present a complete defense was violated when the trial court incorrectly instructed the jury that the evidence of Battered Women's Syndrome (BWS)[1] could not be considered for the reasonableness of her belief in the need for self-defense.[2] McNeil's sole defense to the murder charge was that she shot Ray in self-defense. To establish a claim of perfect self-defense, she had to show that her fear of imminent harm was both actual *and* reasonable. *See People v. Humphrey*, 921 P.2d 1, 6 (Cal. 1996). To do so, she relied heavily on the BWS evidence. The trial court's erroneous limiting instruction precluded McNeil from establishing the reasonableness of her belief — a critical element of her defense. Thus, the trial court deprived McNeil of her due process right to "be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984); *see also Chambers v. Mississippi*, 410 U.S. 284, 294 (1974); *Washington v. Texas*, 388 U.S. 14,

---

[1]We detailed the substance of McNeil's BWS evidence in our original opinion, *see McNeil v. Middleton*, 344 F.3d 988, 992-93, 1001 (9th Cir. 2003), and I need not repeat it here.

[2]In our original opinion, we limited our analysis to the imperfect self-defense instruction and did not reach this instructional error. *See McNeil*, 344 F.3d at 995.

19 (1967); *see also DePetris v. Kuykendall*, 239 F.3d 1057, 1062-63 (9th Cir. 2001) (recognizing that the exclusion of evidence that "went to the heart of the defense" was unconstitutional under *Chambers* and *Washington*).

In concluding that the instructional error was harmless, the California Court of Appeal reasoned that because the jury found McNeil guilty of second-degree murder, it must have found that she lacked an actual belief in the need to act in self-defense. In so concluding, the court relied on the fact that "[t]he jury was specifically instructed that if McNeil had an actual belief in the need to act in self-defense she could not be guilty of murder." *People v. McNeil*, No. D026047, slip op. at 11 (Cal. Ct. App. Jun. 18, 1998). Yet the jury was not so instructed, either explicitly or implicitly. Instead, the jury was clearly and repeatedly told that the "killing of another person in self defense is justifiable and not unlawful when the person who does the killing" had an actual *and* reasonable belief in the need for self-defense. Thus, the fact that the jury convicted McNeil of second-degree murder does not conclusively establish that it found that she lacked an actual belief in the need for self-defense.

The majority agrees with the California Court of Appeal's conclusion that the jury must have found that McNeil lacked an actual belief in the need for self-defense. It relies on the jury's verdict of "not guilty" on the voluntary manslaughter charge to show that the common denominator among these inconsistent verdicts is that McNeil lacked an actual belief in the need for self-defense. The majority's reasoning implies that by returning a verdict of "not guilty" of voluntary manslaughter, the jury actually meant that the imperfect self-defense did not *apply* — that is, McNeil did not qualify for this lesser charge because she lacked an actual belief in the need for self-defense.

I decline to place any confidence in the jury's voluntary manslaughter verdict. It was clearly inconsistent for the jury

to find McNeil not guilty of voluntary manslaughter, yet guilty of second-degree murder. The jury was specifically instructed not to return any other verdict forms if it found McNeil not guilty of first degree murder, but guilty of second degree murder. Although it is possible that the jury made a simple mistake and intended to determine that imperfect self-defense did not apply, we cannot know the jurors' deliberations. *See Stow v. Murashige*, 389 F.3d 880, 890 (9th Cir. 2004). We simply cannot divine the jurors' thought processes to construe an internal coherence among the inconsistent verdicts.

Because the centerpiece of McNeil's defense was the BWS evidence, the erroneous instruction effectively precluded the jury from finding that she acted in self-defense when she shot and killed Ray. The record leaves me in "grave doubt" as to whether the denial of McNeil's due process right to present a meaningful defense had a "substantial and injurious" effect on the jury's verdict. *See O'Neal v. McAninch*, 513 U.S. 432, 436 (1995); *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). I would therefore reverse the district court's denial of habeas relief.