NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| CYNTHIA JETER, | ) | No. 07-55914 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. CV-03-05955-DSF |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| DEBORAH L. PATRICK, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 11, 2011[**]
Pasadena, California

Before:     FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Cynthia Jeter appeals the district court's denial of her petition for a writ of

habeas corpus. See 28 U.S.C. § 2254. We affirm.

In order to prevail, Jeter must meet the standards set forth in 28 U.S.C.

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

§ 2254(d), which, in effect, direct us to be highly deferential and to give state court decisions the benefit of the doubt. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279 (2002) (per curiam). Where, as here, the claim is that the state courts unreasonably applied clearly established Supreme Court law,[1] a petitioner must show that "'there was no reasonable basis'" for the state courts' decision;[2] Jeter "has failed to meet that high threshold."[3]

(1)     Jeter first asserts that her constitutional rights under Batson[4] were violated because the state courts unreasonably rejected her claim that the prosecutor had exercised peremptory challenges based on race or gender. We disagree. We have reviewed the record and made the required comparative analysis[5] and we are unable to say that the state court unreasonably determined that

---

[1]See Harrington v. Richter, ___ U.S. ___, ___, 131 S. Ct. 770, 785–86, 178 L. Ed. 2d 624 (2011).

[2]Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011); see also Lockyer v. Andrade, 538 U.S. 63, 76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003); Sessoms v. Runnels, No. 08-17790, slip op. 7337, 7349–50 (9th Cir. June 3, 2011).

[3]Pinholster, ___ U.S. at ___, 131 S. Ct. at 1403.

[4]Batson v. Kentucky, 476 U.S. 79, 96–99, 106 S. Ct. 1712, 1723–24, 90 L. Ed. 2d 69 (1986).

[5]See Cook v. LaMarque, 593 F.3d 810, 815 (9th Cir. 2010); Kesser v. Cambra, 465 F.3d 351, 360 (9th Cir. 2006) (en banc). We note that the state courts did not conduct a comparative analysis, but that does not affect the standard of

(continued...)

2

the prosecutor's explanation for the exercise of peremptories was not purposefully discriminatory.[6]

(2)    Jeter next argues that her due process rights were violated because the trial court erroneously included "intent"[7] in its instructions to the jury on the elements of voluntary manslaughter.  Again, we disagree.  The California Court of Appeal could reasonably determine that on the record in this case[8] the error was not prejudicial — we cannot say that the error so infected the trial that due process was violated.[9]

AFFIRMED.

---

[5](...continued) review.  See Cook, 593 F.3d at 816 n.2; see also Harrington, ___ U.S. at ___, 131 S. Ct. at 784.

[6]See Rice v. Collins, 546 U.S. 333, 338, 126 S. Ct. 969, 974, 163 L. Ed. 2d 824 (2006); Cook, 593 F.3d at 816, 826.  We note that even before the enactment of the stringent standards in 28 U.S.C. § 2254(d), we were required to give "great deference" to state court determinations in this area.  Batson, 476 U.S. at 98 n.21, 106 S. Ct. at 1724 n.21.

[7]See People v. Lasko, 23 Cal. 4th 101, 109, 999 P.2d 666, 671, 96 Cal. Rptr. 2d 441, 447 (Cal. 2000).

[8]The facts show, among other things, that Jeter stabbed her husband and then stood by for over twelve hours while he bled to death.

[9]See, e.g., Middleton v. McNeil, 541 U.S. 433, 437–38, 124 S. Ct. 1830, 1832–33, 158 L. Ed. 2d 701 (2004); McNeil v. Middleton, 402 F.3d 920, 922 (9th Cir. 2005); see also Estelle v. McGuire, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385 (1991).